# ORPHANS' COURT OF BALTIMORE CITY.

Filed November 20, 1907.

IN THE MATTER OF THE ESTATE OF THEODORE S. BANTZ, DECEASED.

*John Philip Hill* for caveator.
*William Pinkney Whyte* for caveatee.

BLOCK and DUNN, JJ.—

In this case a paper writing purporting to be the last will and testament of Theodore S. Bantz, of Baltimore city, deceased, dated September 22nd, A. D. 1892, was filed and admitted to probate as said Bantz's last will on June 15th, A. D. 1904, the testator having departed this life on June 8th, A. D., 1904. On September 21st, A. D. 1906, a caveat was filed on behalf of the Home for the Aged of the Methodist Episcopal Church of Baltimore city.

The paper writing, admitted to probate as the will of said deceased, with erasures and cancellations conceded, reads as follows:

I, Theodore S. Bantz, of the city of Baltimore, in the State of Maryland, do make this my last will and testament, in manner following, that is to say: After the payment of all my just debts and funeral expenses, I give, devise and bequeath all my estate and property, real and personal wheresoever the same may be, unto Joshua T. Young my *brother Edward Bantz; M. D.* and Frederic Leist and the survivors or survivor of them in trust and confidence to hold the same for the term of my wife's, Sallie C. Bantz, life, and after paying the taxes and necessary expenses thereon, to pay her out of the net income of my estate the sum of One Thousand and ninety-five dollars per year during her natural life in quarterly installments of Two Hundred and seventy-three dollars and seventy-five cents each; and the remainder of the income to be invested by them and held for the purpose of making good any deficiency of the income to my wife Sallie C. Bantz so that she will receive One Thousand and ninety-five dollars for every year during her natural life and at the death of my wife, Sallie C. Bantz, said trust shall cease *and the property No. 724 West Lexington street and No. 202 Myrtle avenue shall go to my brother Edward Bantz absolutely. Five thousand Dollars shall go to Charles G. Bowman, nephew of my first wife Cecelia Bantz and Four Thousand Dollars shall go to in equal shares to Thomas Bowman Smith and Cecelia Bantz Smith children of George P. Smith and his wife, Mary C. Smith and the rest and residue and remainder of my estate shall go to the Home For The Aged of the Methodist Episcopal Church located at the Southwest corner of Fulton Avenue and* Franklin Street for the purpose of a dormitory to be known as a Cecelia Bantz DORMITORY. I do further give to the trustees named in this my last will and testament and to the successors in said trust and to the survivors or survivor of them all powers which may be necessary for the preservation, direction, repair, management or profitable use of any property, real or personal devised by me and bequeathed by me and remaining under their or his control, until such time as their respective duties and the duties of each one of them in relation to the said trusts and property shall be fully performed. I

constitute and appoint Joshua T. Young, *Edward Bantz* and Frederic Leist to be the executors of this my last will and testament (my brother Edward Bantz not to receive *commission* as trustee and executor as the provision made for him is to be in lieu thereof) hereby revoking all other wills and codicils by me heretofore made.

In testimony whereof I have hereunto subscribed my name and affixed my seal this twenty-second day of September, in the year eighteen hundred and ninety-two.

THEODORE S. BANTZ. (SEAL.)

After reading the petition of the caveator, and the answer filed thereto, hearing the evidence adduced and listening to the able arguments of counsel for the respective parties in interest, and carefully examining the testament, I am of the opinion that Theodore S. Bantz died intestate. That the erasures and cancellations made in the body of the paperwriting were made by the deceased, with the intention of cancelling that portion of the instrument. It follows, therefore, that the remaining portions of said instrument must fail as a will, because standing alone they would be unintelligible to the intention of the entire instrument. Therefore, as stated, upon a careful inspection of the whole instrument, in connection with its erasures and cancellations, it is so affected by them as to revoke the same under our statute. (See Article 93 of the Maryland Code, Section 318).

For these reasons the probate of June 15, A. D. 1904, must be revoked, and letters of administration granted, costs to be paid out of the estate.

(The italics represent the erasures made in the will.)

---

DISSENTING OPINION.

GAITHER, J.—

In this case I am constrained to differ with my colleagues in their conclusion and submit my views of the subject matter.

The relief prayed by the petitioner and caveator in the proceeding is that the court revoke its order admitting

498

to probate the will of Theodore S. Bantz, as it now appears as to certain parts thereof, altered and cancelled by lines drawn through and across such parts; that it decree the said will, without the lines and cancellations, to be the last will and testament of the said testator and that it be admitted to probate without lines and cancellations.

It is admitted in the answer of the respondent and proven by the petitioner, that the will was executed on September 22nd, 1892, in the office of Frederick Leist, who prepared it. It was further proven by the petitioner that the will next appeared among certain papers of Mr. Leist, which came into the possession of Mr. A. De R. Sappington after the death of Mr. Leist; that Mr. Leist died in the month of March, 1901, and that Mr. Sappington delivered the will to a messenger of Mr. Bantz about September 5th, 1901. It was further proven by the petitioner that the will was next seen by George P. Smith, who in the presence of Mrs. Sallie C. Bantz, the wife of the testator, discovered it in a drawer of the Secretary of Mr. Bantz during the time Mr. Bantz was confined in the Gundry Home. Mr. Smith testified that he read the will at that time and that the lines were then drawn upon it. The testimony shows that Mr. Bantz was committed to the Gundry Home on December 2nd, 1902, and remained there until his death, which occurred in the month of June, 1904. Mrs. Sallie C. Bantz, in her deposition testified that no one had access to the drawer of the secretary of her husband, other than himself, before his confinement in the home, and that during a portion of that time she had the key of the drawer in which the will was found by Mr. Smith and herself. Considerable testimony was offered by the petitioner to show the testator's incompetency to make a valid deed or contract, for a short time before he was sent to the home, and afterwards; and the testimony of Dr. Crozier tends to prove that he was so incompetent from the year 1898, down to the time of his death. The respondent offered evidence to prove that the testator attended to various business transactions between the years 1898 and 1902, and that he was competent to make a valid deed or contract. No testimony was offered by either party to prove the time when the cancellations were made, or by whom, or under whose direction they were made, evidently there being no such evidence obtainable. The court being thus without evidence upon these most important matters has recourse only to the law affecting the conditions as shown by the evidence. I find the trend of the decisions tend toward the following doctrines, and should be adopted as the law of this case.

1st. That the presumption of law is, that an altered or cancelled will was altered and cancelled after its execution.

2nd. That when it appears that the will was last in the custody of another than the testator, it is incumbent upon the party asserting cancellations or revocation to show it again in his possession, and that the cancellations or revocations were made by him or at his direction.

3rd. That the burden of proof lies upon the party who propounds the will and alleges the cancellations to show by intrinsic evidence that the cancellations were made before execution or, if after execution, then, by the testator, or by his direction and sanction, in conformity with the statute relative to cancellation of wills.

The will in this case has been shown to have been in the possession of another than the testator and not traced again in his possession, and it has not been shown by the respondent that the cancellations were made by the testator or by his direction. The respondent, being the propounder of the will in this case, has not met the burden of proof which the law imposes upon her. My opinion therefore is, that the will without the cancellations appearing upon it, is the true will of the testator. It being admitted in the pleadings that Mr. Bantz was competent to make a valid will at the time of the execution of the will, and it not being shown that he either cancelled or caused it to be cancelled, the testimony relative to the testator's competency after that time, in view of the above findings, need not be further adverted to.

The prayers of the petitioner should be granted.